J-S19027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL THOMAS, III | |
| Appellant | No. 2341 EDA 2014 |

Appeal from the Judgment of Sentence August 13, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001018-2014

BEFORE: STABILE, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                           **FILED APRIL 07, 2015**

Appellant Nathaniel Thomas, III appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following his bench trial convictions for disorderly conduct and harassment.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On December 4, 2013, near a parked car by some townhouses in Phoenixville, PA, twenty-five-year-old Appellant struck sixty-seven-year-old John McGarvey ("Victim") in the head at least once[2] after approaching, and possibly striking, Victim's fiancé.  Police reported to the scene after a witness called them and found Victim with a bloody lip, injured hand, and torn pants.

---

[1] 18 Pa.C.S. §§ 5503(a)(1) and 2709(a)(1), respectively.

[2] Although there is conflicting testimony in this case about how many times Appellant struck Victim, Appellant admits to striking him at least once.

Appellant was charged with simple assault,[3] disorderly conduct and harassment.

On August 13, 2014, a jury acquitted Appellant of simple assault. Later that day, the court found Appellant guilty of disorderly conduct and harassment.[4] On August 14, 2014, Appellant filed a notice of appeal and a motion to stay his sentence pursuant to Pa.R.Crim.P. 462(g)(2). The next day, the court granted Appellant's motion to stay sentence and ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on September 2, 2014.

Appellant raises the following issue for our review:

> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW AND OR ABUSED ITS DISCRETION WHEN IT BARRED APPELLANT FROM PRESENTING EVIDENCE IN ITS CASE IN CHIEF AND DISALLOWED THE QUESTIONING OF WITNESSES AS TO THE NATURAL DEVELOPMENT OF THE FACTS PURSUANT TO THE *RES GESTAE* EXCEPTION?

Appellant's Brief at 4.

Appellant argues the court erred by granting the Commonwealth's motion *in limine* to exclude the defense from presenting evidence that Victim and his fiancé possibly attempted to commit a theft from Appellant's car

_____

[3] 18 Pa.C.S. 2701(a)(1).

[4] The record is silent as to why Appellant's charges were not all presented to the jury; however, that issue is not before this Court.

earlier on the day of the fight. Appellant claims the evidence is admissible under the *res gestae* exception to the general exclusion of prior bad acts pursuant to Pa.R.E. 404(b)(1). He contends the possible theft explains why Appellant initially approached Victim's fiancé. Further, Appellant complains the stipulation that "there was an issue between [Appellant], [Victim] and [Victim's girlfriend] earlier on December 4, 2013" was prejudicial, and he only agreed to the stipulation because the court would not allow him to introduce evidence of the alleged theft. Appellant concludes the court erred by granting the motion *in limine* and ignoring Appellant's repeated requests to admit the evidence. We disagree.

The admissibility of evidence is within the sound discretion of the trial court and will be reversed only when there is an abuse of that discretion. ***Commonwealth v. Wantz***, 84 A.3d 324, 336 (Pa.Super.2014).

Pennsylvania Rule of Evidence 404(b) provides, in relevant part:

**(b) Other crimes, wrongs, or acts.**

(1) *Prohibited Uses.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2) *Permitted Uses.* Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

(3) *Notice in a Criminal Case.* Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

Pa.R.E. 404(b)(1)-(3).

As our Supreme Court has explained, "Rule 404(b)(2) reflects [that] evidence of other crimes, wrongs, or acts may be admitted when relevant for a purpose other than criminal character/propensity, including: proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake." ***Commonwealth v. Dillon***, 925 A.2d 131, 137 (Pa.2007) (internal quotations omitted). Additionally, our Supreme Court has expressly "recognized a *res gestae* exception to Rule 404(b) which allows admission of other crimes evidence when relevant to furnish the context or complete story of the events surrounding a crime." ***Id.*** (citation omitted).

"Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact." ***Commonwealth v. Minerd***, 752 A.2d 225, 230 (Pa.2000) (citations omitted). Evidence is "prejudicial" only when it is "so prejudicial that it may inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." ***Commonwealth v. Colon***, 846 A.2d 747, 753 (Pa.Super.2004) (citation omitted).

Here, the Commonwealth moved to exclude evidence about Victim and Victim's fiancé possibly trying to rob Appellant's car earlier on the day of the fight. The court granted the motion. When Appellant again tried to

introduce evidence of the alleged theft, the court stated: "We're going to stick to what happened here and now. We're not going to get into another location." N.T., August 12, 2014, at 77. Evidence of the possible theft did not make the existence of any material fact more or less likely, and therefore was properly excluded as irrelevant. ***See Minerd, supra.***

Appellant was convicted of the following crimes:

**§ 5503. Disorderly conduct**

**(a) Offense defined.**--A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

18 Pa.C.S. § 5503.

**§ 2709. Harassment**

**(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1) strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

(2) follows the other person in or about a public place or places;

(3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;

(4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5) communicates repeatedly in an anonymous manner;

(6) communicates repeatedly at extremely inconvenient hours; or

(7) communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa.C. § 2709.

Appellant admitted to fighting with Victim because he was angry. He admitted to striking Victim at least one time. Whether or not Victim or Victim's girlfriend tried to rob his car earlier in the day is of no consequence. Further, the court, not the jury, found Appellant guilty of the aforementioned crimes. Although the court declined to consider the evidence of the possible theft, it was aware of the background of the fight, considering it ruled on the motion *in limine* and presided over the jury trial earlier that day. Thus, we see no abuse of discretion in the court's decision to exclude evidence of the prior theft.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/7/2015